IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

REGINA M. BRIDGES,                                          3:11-cv-6046-AC

            Plaintiff,                    FINDINGS AND RECOMMENDATION

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

            Defendant.

ACOSTA, Magistrate Judge:

*Pending Motion*

Regina Bridges ("Bridges") prevailed in her challenge to the Commissioner of Social Security's ("Commissioner") decision regarding her disability claim. Accordingly, she moves for an award of attorney fees in the amount of $12,657 pursuant to 42 U.S.C. § 406(b). Bridges's Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) should be granted and Bridges's should be awarded $12,657, before the Commissioner deducts an administrative

1 - FINDINGS AND RECOMMENDATION

assessment pursuant to 42 U.S.C. § 406(d); and before deducting previously awarded fees under the Equal Access to Justice Act ("EAJA") in the amount of $6,437.62.

*Procedural Background*

On October 24, 2007, Bridges filed an application for a Period of Disability and Disability Insurance Benefits ("DIB") under Title II, 42 U.S.C. § 423(a)(1), of the Social Security Act (the "Act"), and Supplemental Security Income benefits ("SSI") under Title XVI, 42 U.S.C. § 1382(a), of the Act, alleging disability since December 21, 2005, due to a combination of impairments including, but not limited to, heart failure and injuries from several car accidents. The Social Security Commissioner ("Commissioner") denied Bridges's application initially and upon reconsideration. Pursuant to a timely request by Bridges, an administrative law judge ("ALJ") held a hearing on September 14, 2009, and subsequently issued a decision finding Bridges not disabled, as defined in the Act, through the date of the decision. Bridges filed a request for the review of the ALJ's decision and, on December 15, 2010, the Appeals Council denied Bridges's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 422.210.

On February 11, 2011, pursuant to 42 U.S.C. § 405(g) of the Act, Bridges filed a Complaint for Judicial Review Concerning Social Security Benefits with this court seeking judicial review of the Commissioner's final decision denying her DIB and SSI claims. Bridges alleged the decision of the ALJ was not based upon substantial evidence as required by 42 U.S.C. § 405(g), and the ALJ erred as a matter of law in denying her claim. Specifically, Bridges argued the Commissioner erred by: (1) failing to identify clear and convincing reasons for rejecting her subjective pain testimony; (2) failing to give proper consideration to the opinions of two treating physicians, Steven G. Athay,

2 - FINDINGS AND RECOMMENDATION

M.D., and Lisa Lamoreaux, M.D.; and (3) omitting some of Bridges's limitations from the hypothetical posed to the VE. This court considered Bridges's challenges to the Commissioner's decision and determined there was not substantial evidence in the record to support the ALJ's finding Bridges was not disabled. In fact, after crediting Bridges's testimony, the court found she was disabled under the Act. Accordingly, the court entered a judgment reversing the Commissioner's decision and remanding the case for an award of benefits.

On November 1, 2013, this court granted Bridges's counsel, Drew L. Johnson, a fee award of $6,437.62, pursuant to the EAJA, 28 U.S.C. § 2412. Johnson now moves for an award of attorney fees in the amount of $12,657 (including the previously awarded EAJA fees) from Bridges's retroactive benefits award pursuant to 42 U.S.C. § 406(b). Although the Commissioner does not object to the proposed award,[1] this court is required to perform an "independent check" to determine whether it is permissible under applicable statutes, and also whether the fee agreement yields "reasonable results" under the circumstances. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796-807 (2002).

*Analysis*

Johnson seeks an award of attorney's fees in the amount of $12,657, or twenty-five percent of the retroactive benefits awarded to Bridges, pursuant to an agreement he executed with Bridges. (Pl.'s Mem Attn'y Fees Ex. B.) The terms of that agreement authorize payment to Johnson up to twenty-five percent of Bridge's retroactive benefits award, the maximum amount allowable under applicable statutory law. *See* 42 U.S.C. § 406(b)(1)(A).

---

[1] The Commissioner does not oppose an attorney's fee request under § 406(b) because the fee awarded is paid by the claimant from the benefits awarded to her.

3 - FINDINGS AND RECOMMENDATION

After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, Civil No. 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17), *adopted by*, 2010 WL 1029809 (March 17, 2010). A § 406(b) fee award is paid from claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Id.* Accordingly, when a court approves both an EAJA fee award and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

I. Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingency fee agreement to determine whether it is within the statutory twenty-five percent cap. Johnson and Bridges executed a contingent-fee agreement, providing counsel's fee would be equal to twenty-five percent of any past-due benefits received, reduced by any EAJA attorney fee award obtained. (Pl.'s Mem. Attn'y Fees Ex. B.) The terms of this agreement are within the statute's limits.

The next step is to confirm the fee requested by counsel does not exceed § 406(b)'s twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to the claimant. Johnson submits a letter from the Commissioner indicating twenty-five percent of Bridges's past-due Social Security benefits for October 2006 through December 2012, total

4 - FINDINGS AND RECOMMENDATION

$12,657. (Pl.'s Mem. Attn'y Fees Ex. A at 3.) Johnson requests approval of a fee award for the entire amount of the twenty percent of the total past-due benefits. Thus, the requested award is within the statutory limit. After determining the fee agreement and the amount requested are in accordance with the statutory limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10; *see also* 42 U.S.C. § 406(b)(1)(A).

II.  Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12. If obtaining benefits always supported awarding fees for the maximum amount provided for by statue, the other *Gisbrecht* factors and the trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id.* (quoting *Gisbrecht*, 535 U.S. at 808).

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. While the court must acknowledge the "primacy of attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id.* at 793, 807. This court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808). The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit as derived from the Supreme Court's analysis in *Gisbrecht*:

1.  the character of the representation, specifically, whether the representation was substandard;
2.  the results the representative achieved;

5 - FINDINGS AND RECOMMENDATION

3. any delay attributable to the attorney seeking the fee; and
4. whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

*Crawford*, 586 F.3d at 1151-53 (citations omitted).

### A. The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a § 406(b) fee award. *See Gisbrecht*, 535 U.S. at 808 (courts may "appropriately reduce[] the attorney's recovery based on the character of the representation"); *Crawford*, 586 F.3d at 1151 (accord). The record in this case, however, provides no basis for a reduction in the requested § 406(b) fee due to the character of Johnson's representation. Counsel presented sound arguments justifying a remand for award of benefits in this action before the court. The Commissioner vigorously opposed Johnson's efforts on behalf of Bridges. Nevertheless, Johnson's assertions regarding the ALJ's assessment of Bridges's subjective testimony were persuasive and successful.

### B. Results Achieved

Johnson obtained all of the requested relief from this court; namely, a remand for award of benefits for the period of disability sought.[2]

### C. Undue Delays

A court may reduce a § 406(b) award for delays in proceedings attributable to claimant's counsel. *See Gisbrecht*, 535 U.S. at 808 (attorneys should not "profit from the accumulation of benefits during the pendency of the case in court"); *Crawford*, 586 F.3d at 1151 (accord). In this

---

[2] While Johnson did obtain a successful result, this fact should not be viewed in isolation, and does not require a fee award for the full twenty-five percent. *See Dunnigan*, 2009 WL 6067058, at *12.

case, Johnson requested one sixty-day extension for filing Bridges's Opening Brief and one four-day extension to file her Reply Brief. No evidence in the record suggests these two requests improperly delayed the prosecution of Bridges's claim for benefits. Accordingly, a reduction of Johnson's fee request is unwarranted under this factor.

D. *Proportionality*

Finally, a district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

Johnson requests $12,657 for 35.40 hours of work, which equates to a rate of $357.54 per hour. Johnson litigated an application for Social Security benefits that was disputed by the Commissioner. The court recognizes counsel undertook some risk in agreeing to represent Johnson on a contingency basis,[3] and acknowledges he successfully obtained benefits for his client in a matter requiring skill and expertise. In addition, the $12,657 fee ($6,219.38 net after subtracting the previously awarded EAJA fee) is not excessively large in relation to the past-due award of $50,628.

---

[3] The nature of contingency work is one element to be considered when evaluating the fourth factor under *Crawford* – whether the fee sought is in proportion to the time spent on the case and whether counsel is receiving an unwarranted windfall. No doubt, there are challenges presented for attorneys in undertaking contingency work on behalf of Social Security claimants. While contingency fees is one element to be considered, it does not serve as a sole basis for justifying a fee award. To the extent Johnson argues the court must apply a "contingency multiplier" in determining an appropriate award in a specific case (Pl.'s Mem. 3) to balance the risk for all the contingent fee cases in his practice, the court rejects such an argument. Although the Ninth Circuit's decision in *Crawford* clarified that risk is an appropriate factor to consider in determining a § 406(b) award, it requires the individual case be the focus of the risk analysis: "the district court should look at the complexity and risk involved in the specific case at issue to determining how much risk the firms assuming in taking the case." 586 F.3d at 1153. Looking at a particular firm's "overall success rate" is the wrong approach to assessing risk. *Id.* at 1152.

After examining the entire record, the briefing presented, and the hours claimed by counsel, under the requirements of *Gisbrecht* and *Crawford*, this court concludes Johnson has made an adequate showing that a fee award of twenty percent of Bridges's retroactive benefits is reasonable.

*Recommendation*

For the reasons set forth above, Bridges's Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (doc. #37) should be granted. Johnson should be awarded $12,657 from Bridges's retroactive benefits of $50,628. After subtracting the $6,437.62 EAJA fee previously awarded to counsel, the final fee award should be $6,219.38, less an administrative assessment pursuant to 42 U.S.C. § 406(d).

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due November 19, 2013. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 5th day of November 2013

John V. Acosta
United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION